Your Honor, this is the second case of the morning, called 2-0-6-12-36. People of the State of Illinois v. Kenneth R. Stroup. On behalf of the Appalachians, Ms. Linda Olthoff. On behalf of the Appalachians, Mr. Edward Sandel. Good morning, counsel. Ms. Olthoff. Good morning. Good morning, counsel. Would you be kind enough to point the microphone up a little bit? Thank you. Sure. Okay. My name is Linda Olthoff, and I represent Kenneth Stroup. Kenneth Stroup and Damon Jones were similarly situated in that they both pled guilty to the same offenses of home invasion and armed robbery. And yet, Kenneth Stroup received a disparate sentence to that of Damon Jones, where Kenneth Stroup received a 25-year sentence and Damon Jones received a 15-year sentence. This, in spite of the fact that the trial judge specifically found Damon Jones to be the most culpable offender and that he had committed additional crimes while inside the home. What exactly does similarly situated mean? In Illinois, similarly situated refers to defendants who have been convicted of the same crimes. All right. But there are a few cases where they're exactly the same crimes, but most cases they're maybe one additional offense or something's dismissed so that the party, one of the defendants is not, they're not convicted. They're charged with the same offense, but they're not necessarily convicted. And in this case, Mr. Stroup and Mr. Jones weren't convicted of all the same offenses, were they? Mr. Jones was pled guilty to additional counts of criminal sexual assault. All right. Correct. How about the similarly situated take into account their records as they present themselves for sentencing? It does. And how? Well, once you determine that they have, if they have been convicted of the same crimes, you look at their criminal history or the role in their offense and their rehabilitative potential to see if there is a disparity within the sentence. If their criminal history is somewhat similar, the role in offense is similar, you can justify, well, then there should be a similar sentence. All right. But they're aggregate sentences in this case, correct? Yes. And Mr. Jones' aggregate sentence is 60 years or so. Right. And Mr. Stroup's is 25 years. Right. And the other gentleman is 35 years. Right. I think Stroup is 50, isn't he? No. No, Stroup is 25. 25. Okay. Sorry. Concurrent. Okay. All right. So what do we consider the sentence only on the charges they have been similarly found guilty on or do we look at their aggregate sentence? Our position is that you look at that for which they have been convicted, the same, what they have in common. And we base that position on People v. Godinez where the Illinois Supreme Court did a disparate sentencing analysis where the two defendants have been convicted both of armed robbery and one defendant have been convicted of additional crimes. And the court said, yes, we're going to look at these. They are similarly situated. As to those crimes, they have in common. Why didn't they actually use the word similarly situated in that decision? I think the answer is no. Okay. So if they did not, that's my next question. Does the court have to start this analysis even though counsel raises it? Do they have to start an analysis with are they similarly situated? In other words, doesn't this court, or rather a sentencing court, and we can do sentencing by virtue of certain powers as can the Supreme Court, don't we have inherent authority to look at all of the information in order to impose a sentence? Well, yes. But Illinois law also sets the standard that where you are convicted of the same crimes, there must be rational justification for a disparate sentence. So there is a guideline there as to what this court should look at. Counsel, one of the issues is the term is grossly disparate sentences. So you've got several considerations involved here. First of all, can't the sentencing disparity be maybe justified by different degrees of involvement? Isn't that also in the mixing? Right. Just looking at the years, there's other considerations such as the involvement. Can't the trial court take into involvement, take into consideration the involvement of the defendant in addition to the criminal history, the rehabilitative potential? All of those factors are involved. Right. Correct? Right. So does the Constitution mandate that equal sentences are required for all participants for the same crime? No. No, it does not. It's not the disparity that controls. It's the reason for that disparity. And like you point out, there do not need to be equal sentences. But in this case, it was the person with the greater sentence, Kenneth Strew, who the trial court found had a lesser role in the offense, did not commit additional crimes while in the home, had rehabilitative potential. So in fact, all those factors are generally taken into consideration way in favor of a lesser or at least an equal offense. What about the element of the trial court's discretion? How does that enter into the mixture? In other words, the trial court obviously has discretion in fashioning the sentence. There's a variety of factors. In standard review, is it abuse of discretion? Are you saying the trial court abuses discretion in the sentence? In this case, yes. Right. Well, how does the discretion enter into this? If it's a mechanical issue, we look at the sentences the co-defendants received, and we feel that they're disparate in terms of the number of years. That seems to really limit the discretion of the sentencing judge, doesn't it, to a certain extent? And if so, why should that be the case? Well, their discretion in this case was six to 30 years. And you consider, yes, the role in the offense. His discretion is not limited, but neither can he impose disparate sentences because that offense are a system of fundamental fairness and equal application of the law. But the judge is entitled to place different weight on different factors in arriving at the sentence, the number of years. I mean, he may place different weight on, you know, the role or the rehabilitative potential. And we, if it's abuse of discretion, can't put ourselves in the position of the trial judge. Right. But in this case, the factors of a greater role in the offense, the court explicitly found it was Damon Jones who played the greater role in the offense. It was Damon Jones who committed additional crimes. And then Damon Jones received a 10-year lesser sentence than Kenneth Strew. And so in that situation, it is grossly disparate and it is an abuse of discretion because all those factors weigh against imposing a greater sentence on Kenneth Strew. Counsel, you mentioned people versus Martinez, and you cited it for obvious reasons. What about people versus Martinez? Do you perceive, how do you distinguish this case from Martinez? Again, the threshold issue being whether co-defendants must be convicted of the same set of crimes. I think Martinez could be cited for the opposite proposition. So how do you distinguish Martinez and the holding of Martinez from this case? Admittedly, it is maybe not possible to actually distinguish Martinez. I think maybe Martinez was wrongly decided in light of guidance. But you can see Martinez would suggest that if you have additional offenses, it takes it out of the disparate sentence analysis, correct? That's what Martinez said. But Martinez, I believe the language in Martinez was somewhat misleading, where, again, similar to this case, Martinez had two crimes the same and one offender had an additional conviction. And the first district characterized that as a different set of crimes. Well, in fact, in Godinez, they looked at it as the same crimes. It's not a different set of crimes. You have two crimes exactly the same. However, the co-defendant did one additional crime. In fact, the cases that Martinez relies on, Eubanks, for this proposition of different crimes, those were, in fact, different crimes that the defendants were convicted of. So. Did Godinez specifically say that the fact that additional offenses were in the mix was not relevant? Or are you saying that was implicit in the holding? Godinez directly addressed the issue of the impact of additional convictions. Right. Did it say that additional convictions didn't matter in Godinez's holding? Or are you sort of extrapolating? I think it's implicit in the holding that they went on to do this disparate analysis in Godinez. They went through the analysis. In fact, they went through it twice because they remanded it to the appellate court, came back, and said, We're going to do this disparate analysis, even though we have. Let me go back to my question. In order to do a disparate analysis, must the court either explicitly or implicitly find that the defendants are similarly situated? Or do they have some other power in which to consider disparate sentences? Generally, it is applied where they are convicted of the same crimes. Generally. Right. It doesn't go beyond. Well, this court does have its power and its power to reverse or to address a sentence where it believes that the court abused its discretion. In this particular case, the sentencing judge says, on a motion to consider this disparate sentencing, because the trial judge actually had a chance to address this, and he said defense has argued that the appropriate sentence is 15 years, because that is what Mr. Jones received for the offense of armed robbery and home invasion. Certainly, that is what the court imposed upon Mr. Jones after a full sentencing hearing. But I think in order to make sure that the record is clear, that everyone understands that Mr. Jones' sentencing parameters were much different than this defendant's. Now, that appears to be an exercise of discretion. And how, then, did the trial judge abuse his discretion in maintaining that 25-year term? Because if 25 years were appropriate for a home invasion and armed robbery, Damon Jones should have also received that. The court sentenced Damon Jones first and found what happened in the home invasion and armed robbery is worth 15 years. Damon Jones went on and committed additional criminal sexual assaults. And so that additional 45 years was for those sexual assaults. So the effect of the court's reasoning is really to give Damon Jones a break, because he went on for the home invasion because he went on to commit additional crimes. And at the same time, you're penalizing Ken Strew because he refrained from those additional crimes. Well, what kind of a break is he getting? I'm just not understanding. Mr. Jones is going to be in custody for about 85 percent of his 60 years. Right. And that is punishment for doing additional criminal sexual assaults. And for his part in the armed robbery. And for his part in the armed robbery, he received 15 years. The court found that appropriate, an appropriate term for the armed robbery. And yet for Damon Jones or Ken Strew, excuse me, for a same or even lesser role in this same armed robbery, he received 25 years, even though he did not go on to commit. And so the aggregate sentence is not relevant to Ken Strew because he did not go on to commit additional crimes. And he played a lesser role. But imposing a sentence, a trial judge, even if he or she doesn't articulate all of the factors in aggravation and all of the factors in mitigation and the constitutional parameters and the statutory mandates, does consider them. And I mean, the way you're expressing this, that there were only one or two factors, maybe that the trial judge articulated here, that account for the sentence. But any trial judge knows that the sentencing is a much more complicated procedure and that there are many factors to take into account. And those additional factors, even though not specified on the record, may have been the cause of the imposition of the 15 versus the 25. I mean, these were two different individuals. And even though they had different roles, that doesn't necessarily mean that that would account for who got the higher sentence and who got the lower sentence with a particular crime. Well, I think it is true that we don't always know what the judge is thinking. I think in this case, however, the court did make extensive comments on why he was imposing these sentences. I really think that that gave us a window into what he was doing. And he explicitly stated, I know that it's just true it played a lesser role, and I'm considering the aggregate. I mean, the court did make extensive comments from which we can glean his reasoning here. And the reasoning here was to give a greater sentence to a person that was less culpable. Well, the court seemed to be, without perhaps articulating it, because the court specifically said, hey, look, Jones ends up with 60 years versus 25. So I think it's relevant to consider the impact of the other offenses. So why is he abusing his discretion, A, following Martinez, and, B, you made an interesting remark, but if you touched on a point in my mind, you're saying, well, if he does that, then Jones sort of gets a volume discount, and you're troubled by that. But why is what happens to Jones, if he arguably gets a volume discount, why does it necessarily inure to the benefit of the defendant in this case? Jones gets a volume discount, therefore, scrutinative discount? Because the law in Illinois is that when you compare when two defendants have been convicted or plead guilty to the same offense, they cannot receive grossly disparate sentences. And you're saying it's part of the mix, then, the court should not consider, and this court should not consider the fact that the other defendant is convicted of other offenses and that it is going to do more than double the sentence of the defendant before the court. That's all irrelevant, you're saying? Right. I mean, the sentencing hearings took place, I think, six months apart. Jones was sentenced first, and the court at that time found it was appropriate, 15 years for the home invasion, 15 years for the sexual assaults. That's what the court found to be appropriate. So if 15 years is appropriate for Damon Jones, I said that home invasion, it's also appropriate for Kenneth Drew. Thank you, counsel. You'll have additional time on your budget. Thank you. I'm sorry. Mr. Pensica. Good morning, Your Honor. Good morning. Counsel, my name is Randy Pensica. I'm sorry for the mispronunciation of your last name. That's all right. I represent the people in this case. Justice Hutchinson began your discussion with opposing counsel by asking what does similarly situated mean. There are two cases, published opinions in Illinois that are directly on point with regards to this case, and that is Martinez and Eubanks. And both of those cases say that in order to be similarly situated, you have to be convicted of the same crimes as the co-defendant. In this case, while there was one common crime, or actually two common crimes, home invasion and armed robbery, the co-defendant, Jones, was convicted of several additional counts of criminal sexual assault. So under Martinez and Eubanks, his sentence cannot be compared to this defendant's. Now, that's Martinez and Eubanks sort of in summary. But what about Godinez or Godinez, whatever the pronunciation is? There, the court never uses the words similarly situated, but for some reason goes on to determine disparate sentencing issues. How did they do that without finding that they were similarly situated? Short answer to your question, I'm not quite sure how they did it. I mean, I can't get into the court's mind, but Godinez is definitely distinguishable from the case at hand because the principal defendant in Godinez was only serving one sentence. The other sentence for the crime that was not in common between the defendant and the co-defendant was a concurrent sentence. So the entire sentence that the principal defendant was serving in Godinez was directly comparable to the sentence of the appellant in Godinez because they were both only serving one sentence. All the other sentences were concurrent. In Godinez, the defendant on appeal had 24 years for armed robbery and 10 years for kidnapping, and they were concurrent. And the co-defendant had 15 years for armed robbery, and the kidnapping was dismissed as part of a plea. So the defendant was comparing his sentence to a concurrent sentence of his co-defendant. Counsel, although you've not given us a third pronunciation of the case, my question is give us your best summary, rationale, as to why we should follow Martinez and Eubanks and not Godinez. Why should we follow the letter to the former cases and not Godinez? Because the rule articulated in Martinez accurately reflects the broad discretion given to the trial court in sentencing. As the courts pointed out, there are several considerations that are taken into account when a trial court sentences a defendant. Criminal history, participation in the offense, whether or not the defendant chose to plead, whether he cooperated with the people or the police. And the people submit that an additional consideration should be the sentence being actually served by the co-defendants, which is exactly what happened here. Yes, that is completely akin to the defendant's participation in the crimes or whether the defendant chose to plead or not. It's just another factor that the trial court can use in fashioning the sentence. I mean, there's no argument here that according to the trial court, the most culpable defendant got the highest aggregate sentence and the least culpable defendant, the defendant before the court, got the lowest sentence. And the people would submit that it's entirely appropriate for the court to consider the aggregate sentences of the defendants when exercising its sentencing discretion. Mr. Boesel, who had the knife, actually got the 35-year sentence. Yes. He was the second most culpable. He was in the middle and he got the sentence in the middle. Quite frankly, I don't think this court's in a position to micromanage the trial court's sentencing decisions when the same trial court sentenced all three defendants and apportioned their sentence based on the relative culpability in this criminal enterprise. If this court were to decide the sentences were grossly disparate, what is the people's position as to really one of two options? The court, of course, as you know, could take it upon itself to reduce the sentence, or the court could remand it back to the trial court. What would be the people's position on which option would be preferable? Assuming that we did lose on the substantive issue and this court decided to depart from Martinez and Eubanks, I think you have to remand it to the trial court because it was the trial court who, in fashioning the sentences, attempted to take into account the relative participation in these crimes. And if you adopt the defendant's position that his sentence should be reduced to 15 years, which is what Jones got for the home invasion and the burglary, then you're looking at a huge sentencing disparity between Jones, who will still have 60 years, and then this defendant, who would have 15. So, I mean, you're opening up another post-conviction petition for Jones based on the disparate sentence and possibly for Bazell as well. In response to opposing counsel's argument, it sort of offends a sense of fairness, it offends public policy because if you consider the aggregate sentence, and sometimes in most cases a compelling reason to give less when you add them all up, sort of a volume discount, like the better terms you're referring to, isn't that sort of, you know, violative of public policy to give somebody a volume discount? I'm not exactly sure I would characterize that as what happened here, but I would still say no because their sentences reflect their participation in this criminal enterprise. So regardless of where the years are apportioned among the crimes, and the defendant doesn't make this argument that the total sentence, the aggregate sentence is somehow disparate to the aggregate sentence of Jones, so regardless of where the years are apportioned among the crimes, I don't see how that would be an abuse of discretion for the trial court. You're using an interesting phrase, and you've used it before, but you're talking about a criminal enterprise, and counsel is talking about similar criminal offenses. There's a world of difference between the two. There is. And you believe that the issues that need to be covered, participation, criminal history, things of that nature should be reflected or should reflect what happened in the entire event as opposed to on those two charges only? Yes, because, you know, abstractly on the defendant's argument, what the defendant's asking you to do is to take a very narrow look at what happened here, to only look at this individual crime. And when sentencing a defendant, that's not what the trial court does. The trial court looks at everything. It looks at criminal histories, participation in the crimes, whether the defendant showed to plead or not. So the defendant's position doesn't make any intuitive sense based on the discretion afforded to the trial court. If there are no further questions, we would end. I do have one. The Cadenas case, the G case, do we find it, you know, used anywhere? Because it seemed to have just dropped off the face of the earth once cases like Martinez and New Benson and similarly, I don't want to use those words, and cases of a similar ilk were decided. Is it cited anyplace? You know, it has been cited for this particular proposition in quite some time. I shepherdized it just this morning, so it hasn't been popping up. People would ask that the court affirm the sentence. Thank you. Ms. Elphoff? Yeah, just briefly. I first wanted to make the point, looking back at Cadenas, I'm not sure that it refers to similarly situated as to the precise defendants, but it does frame the issue and does refer to the similarly situated in framing the issue that it's going to address. So I would say that it did use that as a backdrop. What about counsel's analysis to distinguish it, that these were aggregate sentences that were being considered, ultimately? 24 with 10 consecutive and 15 years. Because in that case, if I understood correctly, the 24 and 10 are concurrent. Right. And the other defendants, the main defendant is serving 15 years. So they were making them more, not more equal, but they were making them more similar based upon the aggregate sentence as opposed to the sentence for individual crimes. Well, I think when you're talking about concurrent versus consecutive, you're talking about the manner of sentencing and a reason that the legislature decides that we're going to make these sentences consecutive or concurrent, yet you still have a discrete number that is assigned to each crime. And I think therein lies the inherent problem. We seem to sometimes get drawn into looking at it strictly in terms of years. I suggest it's not the disparity of the sentence that controls, it's the reason for disparity. And that ties into the abuse of discretion. I think that's a fairly high hurdle for you to overcome because discretion is vested with the trial court in fashioning a sentence. It takes into consideration all the elements that need to be taken into consideration. In this case, the court had reasons that it articulated for the disparity. If all of a sudden there are no reasons articulated and two people end up with double sentences with nothing being stated for the record, I think that lends support to your argument. I think you can't make the argument without touching on the discretion that's afforded to a trial judge in making a sentence. So, again, where is the abuse of discretion? Well, again, it is true. You know, even in Godinez, they discuss discretion and the importance of the court's discretion, but it goes on to qualify it that an unreasonable or arbitrary sentence cannot be defended even in spite of that discretion. And here you have... What bears on that determination? Not to interrupt, but you're concluding it's unreasonable to spare it because of the years. Would you concede that's not the only consideration in the mix here? It's simply the wrong number of years. There's other factors that bear on whether the court abuses discretion, correct? Yes. But when you're doing that, I think when you're doing a comparative sentencing analysis, you're going to look at the years and the justification for that sentence. And I guess one more policy reason maybe to throw into the mix why we should not follow Martinez is, if you have a case like this one or a case like Martinez where you have two defendants convicted of the same crime, armed robbery, let's say that Jones ultimately, some word on the line, becomes exonerated for these other crimes. Suddenly they are exactly similarly situated in that position. And then he's serving a 15-year sentence while Kenneth Strupe is serving a 25-year sentence. So I think you really need to look at there is a difference between a different set of crimes, as Martinez posits it, and the same crimes plus additional criminal conduct. If there are no further questions, we do ask that this court resentence Kenneth Strupe to a sentence that is equal to that or less than that of his co-defendant, David Jones. Thank you, counsel. Thank you. At this time, the court stands in recess. We'll take the matter under advisement.